John Kaspar
Traci Kaspar
1898 Ardilea St
Las Vegas, NV 90135
(702) 659-0690

*Defendants, Pro Se*



RECEIVED
AND FILED

2014 JUN 27  PM 12 18

U.S. BANKRUPTCY COURT
MARY A. SCHOTT, CLERK

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br>JOHN ANTHONY KASPAR and TRACI LENE KASPAR aka TRACI LENE REYNOLDS,<br><br>        Debtors, | Case No. BK-S-14-11100-ABL<br><br>Chapter 7<br><br>**ANSWER TO COMPLAINT TO DETERMINE NON-DISCHARGABLITY OF DEBT** |
| FULL SPECTRUM LASER, LLC,<br><br>        Plaintiff<br>v.<br><br>JOHN ANTHONY KASPAR and TRACI LENE KASPAR aka TRACI LENE REYNOLDS,<br><br>        Defendants. | Adversary No. 14-01090-ABL |

    Defendants, JOHN ANTHONY KASPAR and TRACI LENE KASPAR (hereafter "Defendants"), hereby submits their answer to the Complaint for Non-Dischargeability (hereafter "Complaint") [ECF No. 1], and respectfully states as follows:

## PARTIES, JURISDICTION AND VENUE

1.      In answering paragraph 1, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

2.      In answering paragraph 2, Defendants admit John Kaspar resides in Clark County, Nevada and is the former Chief Financial Officer ("CFO") of FSL.

3.      In answering paragraph 3, Defendants admit Traci Kaspar resides in Clark County, Nevada and denies she is currently doing business under the fictitious name "Jenesis Companies" and has not held herself out as a creative designer for "Jenesis Design" since November 2011.

4.      In answering paragraph 4, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

5.      In answering paragraph 5, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

6.      In answering paragraph 6, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

7.      In answering paragraph 7, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

## FACTUAL BACKGROUND

8.      In answering paragraph 8, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

9.      In answering paragraph 9, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the

same.

10.     In answering paragraph 10, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

11.     In answering paragraph 11, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

12.     In answering paragraph 12, Defendants admit the allegations contained therein. Defendant was answering a craigslist ad listed online.

13.     In answering paragraph 13, Defendants admit John Kaspar passed the CPA test in Florida on September 21, 1989.

14.     In answering paragraph 14, Defendants admit John Kaspar passed the CPA test in Florida on September 21, 1989 but deny that he ever held himself out as a licensed CPA in the state of Nevada. He was not living in Nevada at the time of the application to FSL. Just like attorney's have to pass the bar in each state they want to practice, Mr. Kaspar would have had to apply to the Board of Accountancy in the State of Nevada.

15.     In answering paragraph 15, Defendants admit John Kaspar passed the CPA test in Florida on September 21, 1989.

16.     In answering paragraph 16, Defendants admit John Kaspar allowed his CPA designation in Florida to go inactive in 2004 because he was no longer working in a Certified Public Accounting Firm.  Working as a CFO for a private company did not require the continuing education requirements to keep the license active.  If Mr. Kaspar would have applied to a Certified Public Accounting Firm, he would have reactivated his license as needed by the employer.

17.     In answering paragraph 17, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

18.     In answering paragraph 18, Defendants deny the allegations contained therein. Indeed Mr. Liu had a copy of Mr. Kaspar's Florida Certificate, which plaintiff has

supplied copy of as well, since day one of his employment. Mr. Liu never asked for a Nevada certificate. A CPA certificate is only required by public accountants performing attestation engagements on behalf of third parties. It is not required for private practice job duties. If FSL required such a license, it could have been applied for after moving to and working in the State of Nevada. Mr. Kaspar was never paid for Certified Public Accounting services but rather as an employee.

19. In answering paragraph 17, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

20. In answering paragraph 20, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same. Mr. Kaspar created the CRM database for FSL and created social media page for FSL under his personal facebook account as directed by Mr. Lui, the owner of FSL. He completed a business plan and drafted the employee manual and non-disclosure agreements for the business.

21. In answering paragraph 21, Defendants deny the allegations therein. Mr. Kaspar is the one who suggested FSL needed an employee handbook and non-disclosure agreements for all the employees. It was never brought up as a requirement of his employment.

22. In answering paragraph 22, Defendants admit the allegations therein.

23. In answering paragraph 23, Defendants admit the allegations therein.

24. In answering paragraph 24, Defendants admit the allegations therein.

25. In answering paragraph 21, Defendants deny the allegations therein.

26. In answering paragraph 26, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

27. In answering paragraph 27, Defendants admit the allegations therein. Mr. Kaspar is the one who suggested FSL needed an employee handbook and it was completed in June 2011.

28. In answering paragraph 28, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

29. In answering paragraph 29, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

30. In answering paragraph 30, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

31. In answering paragraph 31, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

32. In answering paragraph 32, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

33. In answering paragraph 33, Defendants deny the allegations therein. John Kaspar was asked to get some bids for a new website after advising FSL that their website was outdated and cumbersome. All decisions for choosing the designer and construction remained with Mr. Lui, owner of FSL.

34. In answering paragraph 34, Defendants deny the allegations therein. The website ultimately designed had no interface with the CRM database that John Kaspar built for FSL, who had no previous CRM database before his employment at FSL.

35. In answering paragraph 35, Defendants deny the allegations therein.

36. In answering paragraph 36, Defendants deny the allegations therein. Mr. Lui is the one who engaged the website design company and chose Traci Kaspar via Jenesis Design because the quote from Traci Kaspar via Jenesis Design was half the price of the other quotes because of the relationship to the company through John Kaspar and she was willing to complete it in the 3 week timeframe Mr. Lui requested.

37. In answering paragraph 37, Defendants deny the allegations therein.

38. In answering paragraph 38, Defendants deny the allegations therein. Mr. Lui received emails from Traci Kaspar / Jenesis Design starting with email on May 10, 2011 when she sent him the photograph of the Florida CPA Certificate showing Mr. Kaspar passed CPA test in 1989. Ms. Traci Lene Reynolds Kaspar used Lene Reynolds as a business name in Atlanta, Georgia for the business Jenesis Design and Jenesis Companies. Many of her East Coast contacts knew her from college when she was unmarried. Mr. Lui had full disclosure of the previously built websites by Jenesis design and its employees, Traci Lene Reynolds Kaspar and daughter Alexandria Kaspar who was in college for Management Information Systems.

39. In answering paragraph 39, Defendants deny the allegations therein.

40. In answering paragraph 40, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same. All funds for the website and additional work were paid to paypal account for Traci Kaspar and is evidenced by Plaintiff's Exhibit 13. If they did not know who Jenesis Design was, they would not have paid Traci Kaspar for its services.

41. In answering paragraph 41, Defendants admit the allegations therein. Website jenesiscompanies.com was never an active website and was registered by Mr. and Mrs. Kaspar before John Kaspar interviewed with FSL. Website jenesisdesign.com that was used for FSL's development site was also registered in Mr. and Mrs. Kaspar's GoDaddy account.

42. In answering paragraph 42, Defendants deny the allegations therein. At the end of the design period, the website was installed on the server requested by FSL and admin login credentials were controlled by FSL.

43. In answering paragraph 43, Defendants deny the allegations therein. The business was not officially opened until November 11, 2011. John Kaspar and Dan Fox discussed the idea of selling Large Format Lasers which were not what FSL specialized in. A hole was seen in the marketplace that another company could fill.

44. In answering paragraph 44, Defendants deny the allegations therein. Mr. Kaspar did some research on the documents but did not download or order an Operating

Agreement. Dan Fox employed an attorney to create all legal documents in Florida for Hurricane Lasers of Florida LLC.

45. In answering paragraph 45, Defendants deny the allegations therein. In answering paragraph 40, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same. Dan Fox registered Hurricane Lasers of Florida LLC and Defendants were not involved in its creation.

46. In answering paragraph 46, Defendants admit allegations contained therein.

47. In answering paragraph 47, Defendants deny the allegations therein. There are no trade secrets to purchasing Laser Machines from China. The only proprietary information that FSL had at the time was their software development which John Kaspar did not have information on. No information from the CRM database was used since customers typically order only one laser and it would have been useless. John Kaspar did not share any information with Dan Fox that would have been trade secret or proprietary information.

48. In answering paragraph 48, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same. However, John Kaspar did specifically send target emails to some employees that he deemed unhappy at FSL for purposes of recruitment.

49. In answering paragraph 49, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

50. In answering paragraph 50, Defendants deny the allegations therein. Email addresses of employees were their first names @fslaser.com and were listed online as well.

51. In answering paragraph 51, Defendants deny the allegations therein. Mr. Kaspar submitted his resignation on October 26, 2011 with FSL and they requested that he stay for two weeks and wind up his projects. His last day with FSL was on November 9, 2011 He did not start working for Hurricane Lasers, a Florida LLC until November 11,

7

2011.

52. In answering paragraph 52, Defendants deny the allegations therein.

53. In answering paragraph 53, Defendants deny the allegations therein. Additionally, FSL made no effort to change passwords or access points for automatic synching activities following Mr. Kaspar's resignation.  In failing to do so, FSL has knowledge that said automatic synching of computer devices may result in unintentional access of FSL computer systems, nevertheless none of this information was used against the company in any way and FSL was not damaged by any activity alleged in its complaint.

54. In answering paragraph 54, Defendants deny the allegations therein. Additionally, FSL made no effort to change passwords or access points for automatic synching activities following Mr. Kaspar's resignation.  In failing to do so, FSL has knowledge that said automatic synching of computer devices may result in unintentional access of FSL computer systems, nevertheless none of this information was used against the company in any way and FSL was not damaged by any activity alleged in its complaint.

55. In answering paragraph 55, Defendants deny the allegations therein. Additionally, FSL made no effort to change passwords or access points for automatic synching activities following Mr. Kaspar's resignation.  In failing to do so, FSL has knowledge that said automatic synching of computer devices may result in unintentional access of FSL computer systems, nevertheless none of this information was used against the company in any way and FSL was not damaged by any activity alleged in its complaint.

56. In answering paragraph 56, Defendants deny the allegations therein.

57. In answering paragraph 57, Defendants deny the allegations therein.

58. In answering paragraph 58, Defendants deny the allegations therein.

59. In answering paragraph 59, Defendants deny the allegations therein.

60. In answering paragraph 60, Defendants deny the allegations therein. In answering paragraph 53, Defendants deny the allegations therein.

61. In answering paragraph 61, Defendants deny the allegations therein.

62. In answering paragraph 62, Defendants deny the allegations therein.

63. In answering paragraph 63, Defendants deny the allegations therein. Additionally, FSL made no effort to change passwords or access points for automatic synching activities following Mr. Kaspar's resignation. In failing to do so, FSL has knowledge that said automatic synching of computer devices may result in unintentional access of FSL computer systems, nevertheless none of this information was used against the company in any way and FSL was not damaged by any activity alleged in its complaint.

64. In answering paragraph 64, Defendants deny the allegations therein.

65. In answering paragraph 65, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

66. In answering paragraph 66, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

67. In answering paragraph 67, Defendants deny the allegations therein.

68. In answering paragraph 68, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

69. In answering paragraph 69, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

70. In answering paragraph 70, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

71. In answering paragraph 71, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

72. In answering paragraph 72, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

73. In answering paragraph 73, Defendants deny the allegations contained therein. Dave Rademacher found Hurricane Lasers LLC on google Adwords after he received a quote from FSL and read negative reviews about service from FSL. Considering their database had hundreds of customers, one customer that was actively looking to purchase a laser does not indicate their database was used to contact him.

74. In answering paragraph 74, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

75. In answering paragraph 75, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

76. In answering paragraph 76, Defendants deny the allegations contained therein. The facebook page was created by Mr. Kaspar on John Kaspar's personal facebook account. When he deleted it off his personal account, he added Henry Lui as an administrator so he would be notified and could attach the account to his facebook page instead. Mr. Kaspar did not feel it was appropriate to continue having the account on his personal facebook account.

77. In answering paragraph 77, Defendants deny the allegations contained therein. Mr. Lui was sent information from facebook about the deletion. Plaintiff's Exhibit 30 shows he was set his message because he was listed as an admin on the account.

78. In answering paragraph 78, Defendants deny the allegations contained therein.

79. In answering paragraph 79, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

80. In answering paragraph 80, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the

same.

81. In answering paragraph 81, Defendants deny the allegations contained therein. Mr. Lui was sent information from facebook about the deletion. Plaintiff's Exhibit 30 shows he was set his message because he was listed as an admin on the account.

82. In answering paragraph 82, Defendants deny the allegations contained therein. Mr. Lui was sent information from facebook about the deletion. Plaintiff's Exhibit 30 shows he was set his message because he was listed as an admin on the account.

83. In answering paragraph 83, Defendants deny the allegations contained therein. The information used to write the descriptions for FSL shown by the Plaintiff were not received from FSL, but from Gweike, one of the laser manufacturers directly. See Exhibit 9. Features of a machine created by a third party manufacturer are not trade secrets. The copy was written by Traci Kaspar and obtained directly from the manufacturer. Contrary to the plaintiffs assertion and exhibits that it took technical knowledge to come up with the descriptions it did not. Basic features of lasers such as motorized Z table, Autofocus sensor etc. Traci Kaspar gave written consent for the material to be used on FSL's website with the transfer of the website from beta format however, ownership of the content was not transferred to FSL.

84. In answering paragraph 84, Defendants deny the allegations contained therein. The information used to write the descriptions for FSL shown by the Plaintiff were not received from FSL, but from Gweike, one of the laser manufacturers directly. See Exhibit 9. Features of a machine created by a third party manufacturer are not trade secrets. The copy was written by Traci Kaspar and obtained directly from the manufacturer. Contrary to the plaintiffs assertion and exhibits that it took technical knowledge to come up with the descriptions it did not. Basic features of lasers such as motorized Z table, Autofocus sensor etc. Traci Kaspar gave written consent for the material to be used on FSL's website with the transfer of the website from beta format however, ownership of the content was not transferred to FSL.

85. In answering paragraph 85, Defendants deny the allegations contained therein. The information used to write the descriptions for FSL shown by the Plaintiff were not

11

received from FSL, but from Gweike, one of the laser manufacturers directly. See Exhibit 9. Features of a machine created by a third party manufacturer are not trade secrets. The copy was written by Traci Kaspar and obtained directly from the manufacturer. Contrary to the plaintiffs assertion and exhibits that it took technical knowledge to come up with the descriptions it did not. Basic features of lasers such as motorized Z table, Autofocus sensor etc. Traci Kaspar gave written consent for the material to be used on FSL's website with the transfer of the website from beta format however, ownership of the content was not transferred to FSL.

86.   In answering paragraph 86, Defendants deny the allegations contained therein. The information used to write the descriptions for FSL shown by the Plaintiff were not received from FSL, but from Gweike, one of the laser manufacturers directly. See Exhibit 9. Features of a machine created by a third party manufacturer are not trade secrets. The copy was written by Traci Kaspar and obtained directly from the manufacturer. Contrary to the plaintiffs assertion and exhibits that it took technical knowledge to come up with the descriptions it did not. Basic features of lasers such as motorized Z table, Autofocus sensor etc. Traci Kaspar gave written consent for the material to be used on FSL's website with the transfer of the website from beta format however, ownership of the content was not transferred to FSL.

87.   In answering paragraph 87, Defendants deny the allegations contained therein. The information used to write the descriptions for FSL shown by the Plaintiff were not received from FSL, but from Gweike, one of the laser manufacturers directly. See Exhibit 9. Features of a machine created by a third party manufacturer are not trade secrets. The copy was written by Traci Kaspar and obtained directly from the manufacturer. Contrary to the plaintiffs assertion and exhibits that it took technical knowledge to come up with the descriptions it did not. Basic features of lasers such as motorized Z table, Autofocus sensor etc. Traci Kaspar gave written consent for the material to be used on FSL's website with the transfer of the website from beta format however, ownership of the content was not transferred to FSL.

88.   In answering paragraph 88, Defendants are without sufficient information or

knowledge to admit or deny the allegations contained therein and therefore denies the same.

89. In answering paragraph 89, Defendants admit allegations contained therein.

90. In answering paragraph 90, Defendants admit allegations contained therein.

91. In answering paragraph 91, Defendants deny the allegations contained therein. Defendant's four year old son died suddenly on March 25, 2011 after contracting the flu. Defendant's attorneys provided some written answers to the voluminous discovery requests. The State Court Litigation was not the most important thing going on and Defendant's left the answers for discovery to the Defendant's counsel The requests for extensions were due to this life altering event for the Kaspar Family. The Defendant's counsel was involved in another trial and failed to submit everything in a timely manner.

92. In answering paragraph 92, Defendants admit allegations contained therein.

93. In answering paragraph 93, Defendants admit allegations contained therein.

94. In answering paragraph 94, Defendants deny the allegations contained therein. All materials were provided to the Defendant's attorneys. The Defendant's counsel was involved in another trial and failed to submit everything in a timely manner.

95. In answering paragraph 95, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

96. In answering paragraph 96, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

97. In answering paragraph 97, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same. Mr. Kaspar was in the hospital during the hearing and it was continued.

98. In answering paragraph 98, Defendants admit allegations contained therein.

99. In answering paragraph 99, Defendants admit allegations contained therein.

100. In answering paragraph 100, Defendants are without sufficient information or

knowledge to admit or deny the allegations contained therein and therefore denies the same.

101. In answering paragraph 101, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

102. In answering paragraph 102, Defendants admit allegations contained therein. The defendants did not have the funds to pay the special master retainer. The Defendants could no longer afford to pay the Attorneys and had lost confidence in their abilities.

103. In answering paragraph 103, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

104. In answering paragraph 104, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

105. In answering paragraph 105, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

106. In answering paragraph 106, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

107. In answering paragraph 107, Defendants admit the court ordered a default judgment in the State Court as a result of the Court striking the Defendant's Pleadings.

108. In answering paragraph 108, Defendants admit the court ordered a default judgment in the State Court as a result of the Court striking the Defendant's Pleadings.

109. In answering paragraph 109, Defendants admit the court ordered a default judgment in the State Court as a result of the Court striking the Defendant's Pleadings.

110. In answering paragraph 110, Defendants admit the court ordered a default judgment in the State Court as a result of the Court striking the Defendant's Pleadings.

111. In answering paragraph 111, Defendants admit the court ordered a default judgment in the State Court as a result of the Court striking the Defendant's Pleadings.

### FIRST CLAIM FOR RELIEF

112. In answering paragraph 112, Defendant repeats and realleges the answers in Paragraphs 1 through 111 herein.

113. In answering paragraph 113, Defendants deny the allegations contained therein.

114. In answering paragraph 114, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

### SECOND CLAIM FOR RELIEF

115. In answering paragraph 115, Defendant repeats and realleges the answers in Paragraphs 1 through 111 herein.

116. In answering paragraph 116, Defendants deny the allegations contained therein.

117. In answering paragraph 117, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

### THIRD CLAIM FOR RELIEF

118. In answering paragraph 118, Defendant repeats and realleges the answers in Paragraphs 1 through 111 herein.

119. In answering paragraph 119, Defendants deny the allegations contained therein.

120. In answering paragraph 120, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

### GENERAL DENIAL

1. Defendants deny any allegations not expressly answered herein.

### AFFIRMATIVE DEFENSES

2. The allegations contained in the Complaint fail to state a cause of action against the Defendant upon which relief can be granted.

3. Plaintiffs have failed to mitigate their damages, if any in fact exist or were

incurred, the existence of which is expressly denied.

4. Plaintiffs by and through their acts and failures to act caused their unintentional breach of information.

5. To the extent Plaintiffs have any damages, they are offset or setoff by Defendant's damages incurred as a result of Plaintiffs' conduct.

6. Plaintiffs' claims are barred by the parole evidence rule.

7. Plaintiffs breached any contract they had with Defendant Mr. Kaspar first, before he voluntarily quit for breach of contract with FSL.

8. Plaintiffs breached their duty of good faith and fair dealing under any agreements they may have had with Defendants, such that any claims they have against Defendants are waived or released.

9. Defendants made no false representations of material fact that they knew to be false.

10. Defendants had no intent to defraud Plaintiffs or any other creditors.

11. Plaintiffs did not detrimentally rely on any alleged misrepresentations, if any.

12. Defendants acts were not misleading.

13. Plaintiffs have not been injured as a result of any alleged deceptive acts of answering Defendants.

14. Defendants statements or representations have not actually deceived and are not likely to deceive any part of an intended audience.

15. Defendants acted honestly and in good faith.

16. Defendants did not intend to hinder, delay, or defraud Plaintiffs.

17. Defendants did not have any intent to injure Plaintiffs.

18. Plaintiffs are not entitled to a recovery of attorneys' fees and costs under applicable law or agreement.

19. Defendant reserves the right to assert additional defenses based on further investigation or discovery.

WHEREFORE, Defendant prays for the following relief:

1.  That Plaintiffs take nothing by virtue of their Complaint against Defendant, and that the same is dismissed with prejudice.

2.  That judgment be entered in favor of Defendant and against Plaintiffs for Defendant's attorney fees and costs of suit incurred herein; an

3.  For such other and further relief as this Court may deem just and proper in the premises.

DATED this 27th day of June, 2013.
Respectfully submitted by

_____
John Kaspar
Defendant, Pro Se

_____
Traci Kaspar
Defendant, Pro Se

## CERTIFICATE OF SERVICE

Pursuant to Nev. R. Civ. P. 5(b), I hereby certify that service of the foregoing **ANSWER TO COMPLAINT TO DETERMINE NON-DISCHARGABLITY OF DEBT** was made on the 27th day of June, 2013, by United States Mail, postage fully prepaid to the following:

Mona Lymon Burton, Esq.

HOLLAND & HART LLP

222 Main Street Suite 2200

Salt Lake City UT 84101

Bryce K. Kunimoto, Esq.

HOLLAND & HART LLP

9555 Hillwood Drive, 2nd Floor

Las Vegas, NV 89134

Traci Kaspar